## Huntoon vs. Kidder.

The return of service of a warning to do military duty must state the date of the service. A return that "four days notice was given," is insufficient.

Evidence that the commanding officers of a company and regiment are acting officers, is sufficient, without proof of their commission, to sustain the necessary proceedings for the collection of a fine for the neglect of military duty.

A surgeon's certificate of exemption from military duty will exempt the individual receiving it, on his removal to another regiment, by his causing it to be seasonably recorded by the clerk within the limits of whose company he may come to reside.

A surgeon's certificate is limited by statute to a term not exceeding one year, unless the certificate *expressly* alleges that the infirmity of the applicant is incurable, and of such a nature that he never can be able to perform military duty; in which case only it operates as a perpetual exemption.

This was an action of trespass against the defendant, for causing the plaintiff to be arrested on a warrant for the collection of a military fine, and causing the plaintiff to pay the said fine, with the costs thereon.

On trial no evidence was offered that the captain of the company in which the plaintiff was enrolled was in commission on the day when said plaintiff was warned to appear, except that he officiated on that day as commander of said company, and had previously, on different days and times, acted in said capacity.

Similar evidence only was given of the authority of the colonel of the regiment to grant his warrant to the orderly sergeant of said company.

The officer who served the warning made return that " he notified the plaintiff, by leaving a notice at his last and usual place of abode, *more than four days* prior to the day of training."

In other respects, the liability of the plaintiff to do military duty within said company was clearly shown.

The plaintiff, in reply, proved that he formerly resided in Unity, and that he was, while there, in 1829, a private in

the 3d company and 16th regiment of N. H. militia, and while a member of said company that he made application to the surgeon of that regiment for a surgeon's certificate, exempting him from military duty—which application is as follows:

### " *Sixteenth Regiment, N. H. Militia.*

"To the Surgeon of said Regiment: Representeth John ' Huntoon, 3d, a private in the third company, in said regiment, ' that he is unable to perform the duties required by the laws of ' this state to be performed by privates in said militia, by reason of ' a cut in his left foot, which disables him from doing duty as a sol- ' dier.

' He therefore requests a certificate to exempt him from military ' duty.                                    JOHN HUNTOON, 3d."

    " June 27th, 1829."

This application was duly sworn to, and a certificate was granted, as follows:

### " *Sixteenth Regiment of N. H. Militia.*

" John Huntoon, 3d, is exempt from military duty, on account ' of the above disability, he being an unfit subject for the perform- ' ance thereof.                            HIRAM HOYT, *Surgeon.*"

The plaintiff afterwards moved into Wendell, within the limits of the 3d company of the 31st regiment, and furnished to the clerk of said company the certificate of the surgeon of said 16th regiment, and said certificate was duly recorded on the records of said company, prior to his being warned to do military duty in said company.

The defendant contended that said certificate of exemption from military duty was not valid, being signed by the surgeon of the 16th regiment, and not the surgeon of the 31st regiment; and that the recording of the same by the clerk whose duty it was to record all certificates presented to him, gave it no validity.

The plaintiff contended that there was no evidence of a due appointment of the officers of the 3d company and 31st regiment, and that the return of service of the warning was

bad, it being alleged to be served more than four days prior to the day of training, whereas the time of service should have been specified.

Verdict was taken for the defendant, and motion was made to set the same aside, for the reasons aforesaid.

*Burke*, for the plaintiff.

*Wilson* and *Forsaith*, for the defendant.

UPHAM, J.   The return of service of the warning of the plaintiff in this case is bad.   The date of the service should be given, in order that it may appear whether there was a notice of four days or not.   The sergeant should return the facts, and the legal computation of time necessary for due notice must be determined by the court.   The return is, however, subject to amendment in any stage of the proceedings, without costs, and if amendment is made, and a legal service is shown, the exception cannot prevail.

The evidence that the commanding officers of the company and of the regiment were acting officers, is sufficient, without producing their commissions.   7 *N. H. R.* 543, *State* vs. *Wilson ;* 6 *do.* 435, *State* vs. *Leonard ;* 6 *do.* 356, *State* vs. *Hascall.*

We must, therefore, enquire as to the effect of the facts set up by the plaintiff, to exonerate him from liability to do military duty.

One question raised, is, whether a surgeon's certificate, exempting an individual from military duty, can avail to the individual on his removal to another regiment, and causing it to be seasonably recorded by the clerk within the limits of whose company he may come to reside.

There are strong reasons to hold that it will have this effect.   The surgeons of all regiments are supposed to act in good faith ; and if this be the case, no wrong can be done in permitting the exemption to attach to the individual,

wherever he may reside within the state, until the specified term of exemption has expired, provided he gives seasonable notice to the clerk of the company within whose limits he may remove. The statute does not exempt the person having the certificate from liability to do duty in any particular regiment, but exempts him from the performance of military duty in any company where he may otherwise have been compelled to perform it.

Again : the time for application to surgeons is limited to a period betwixt the 10th and 20th of April, in each year, except in special cases, otherwise provided for ; and, by the act of July 6, 1833, each individual exempted by a surgeon's certificate is required " annually, on or before the ' 20th of April, to produce to the commanding officer of the ' company within whose limits he may reside, a certificate ' of the selectmen of the town that he has paid into the ' town treasury two dollars ;" (2 *N. H. Laws*, 120,*) so that there would be a necessity, in case of removal within the limits of another regiment, within the year, for an individual to avail himself of the certificate already received, or unjustly to be held liable to military duty, notwithstanding such certificate and payment.

The 18th section of the militia law of 1829 indeed pro- provides that " upon the trial of any complaint for neglect ' of military duty, no evidence of any disability by reason ' of any bodily infirmity, or debility, shall be admitted, *ex-* ' *cept* the certificate of the surgeon, or surgeon's mate, *of* ' *the regiment to which the person alleging such debility* ' *shall belong.*" (1 N. H. Laws, 415.) But this seems designed merely as the general rule, and not to meet cases of removal within the year. Such cases are exceptions not provided for by the statute, or the individual perhaps may be regarded as not properly *belonging* to any new regiment un-

* This provision is since repealed, by act of July 3, 1838. *(2 Laws N.H.*366.)

til his exemption shall have expired, notwithstanding his removal within the limits of such regiment.

But however the law may be in cases of removal, this certificate constitutes no exemption of the plaintiff from liability to do military duty; for the reason that it does not constitute a perpetual exemption, and its validity has therefore long since ceased.

The law requires that the surgeon, or surgeon's mate, shall make examination and inquiry into the nature and *degree* of the infirmity of any applicant; and if they shall be of opinion, upon such examination, that the applicant is unable to perform the duties required by law of soldiers in the militia, they shall give to the individual so applying a certificate thereof, exempting him from the performance of military duty for such term as they may think such disability may continue, *not exceeding one year.* " Provided, how-
' ever, that if such surgeon or surgeon's mate shall be of
' opinion that the infirmity of any person is incurable, and
' of such a nature that he can never be able to perform mil-
' itary duty, he may give to such person a *certificate thereof*,
' which shall absolutely exempt such person from military
' duty."

It is apparent from the statute that it is not necessary that the surgeon should define the term of exemption, unless he deems it proper that the exemption should continue for a less term than one year, or unless he gives a certificate of perpetual exemption. All other certificates would be limited to one year by the statute.

The surgeon has given no such certificate of perpetual exemption in this case. The application of the plaintiff furnishes no indication that his infirmity was incurable, and that he never could be able to perform military duty, and the surgeon exempts the plaintiff from military duty on account merely " of his being an unfit subject for the performance thereof ;" but for what term this unfitness may continue he expresses no opinion.

The permanence or incurability of the infirmity should expressly appear in the certificate of the surgeon; but there is nothing equivalent to this in this certificate. The plaintiff fails, therefore, in making out his exemption from liability to do military duty, and there must be

*Judgment for the defendant.*